The document below is hereby signed.

Signed: September 24, 2018



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CHERYL DENISE WILKINS, | ) | Case No. 18-00254 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION TO IMPOSE THE AUTOMATIC STAY

The debtor has had a bankruptcy case dismissed within the last year, with the consequence under 11 U.S.C. § 362(c)(3)(A) that the automatic stay terminated on the 30th day after the filing of this case. Pursuant to § 362(c)(3)(B), in such a case, the court may grant the motion of a party in interest for continuation of the automatic stay "after notice and a hearing completed before the expiration of the 30-day period." The debtor never filed a motion for continuation of the automatic stay, as required by § 362(c)(3)(B).

Now, more than four months after the debtor filed the petition commencing the above-captioned case, and shortly after the court's entry of an order granting Specialized Loan Servicing, LLC's motion for relief from the automatic stay

regarding the debtor's real property located at 1901 Otis St., NE, Washington, D.C. 20018-2715, the debtor has filed a motion to impose the automatic stay (Dkt. No. 58), requesting the court to "deny Movant's motion for relief from the automatic stay . . . [and] [d]eny Movant's motion to move forward on applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the real property."

If the debtor's motion to impose the automatic stay is understood as an untimely motion for continuation of the automatic stay, the motion would have to be denied.  The debtor commenced this case on April 16, 2018.  *See* Dkt. No. 1.  The debtor filed a previous case (Case No. 17-00687) under chapter 13 of the Bankruptcy Code in this court on December 7, 2017.  That previous case was dismissed on March 23, 2018, for the debtor's failure to ever commence making plan payments and for failure to file required documents.  That case was closed on April 18, 2018, one day after the Chapter 13 Trustee filed her Final Report and Account, and two days after the debtor filed the above-captioned case.  Because the previously dismissed case was pending in this court within the 1-year period preceding the filing of the petition in this case, pursuant to § 362(c)(3)(A), the stay under § 362(a) in this case terminated on May 16, 2018, the 30th day after the filing of the petition.  While § 362(c)(3)(B) permits the court, on motion of a party in interest, to continue the

automatic stay "after notice and a hearing completed before the expiration of the 30-day period[,]" that 30-day period expired on May 16, 2018, months before the debtor filed her motion to impose the automatic stay.[1]  The statute being unambiguous, and the debtor having failed to satisfy the notice and a hearing requirement of 11 U.S.C. § 362(c)(3)(B), the court would not be able to now grant a motion to continue the automatic stay, and to accord to the debtor remedies relating to any future violation of the automatic stay under 11 U.S.C. § 362(k).[2]

If, instead, the debtor's motion is understood to be a motion to reconsider the order granting Specialized Loan Servicing, LLC's motion for relief from the automatic stay, as seems likely in light of the relief requested at the conclusion of the motion, the court again must deny the debtor's motion. The debtor seeks for the court to reverse its decision and thereby restore to the debtor the protection of the automatic stay while the debtor seeks to reorganize her debt.  However,

---

[1]  The debtor's case was converted from chapter 7 to chapter 13 on August 24, 2018.  However, for purposes of the 30-day deadline under § 362(c)(3)(B), the conversion did not re-start the clock: under 11 U.S.C. § 348(a), the conversion of the case did not alter the date of the filing of the case, which is the date from which the 30-day deadline is measured.

[2]  Although, independent of the automatic stay, the debtor might seek an injunction against acts to collect a debt, that would require an adversary proceeding complaint (or a plan containing injunctive relief), and a showing that an injunction is appropriate. *See In re Robinson*, 427 B.R. 412, 414 (Bankr. W.D. Mich. 2010).

because the automatic stay has already expired in this case by way of 11 U.S.C. § 362(c)(3)(A), the court cannot grant the debtor the relief she seeks and her motion is rendered moot.  It is thus

ORDERED that the debtor's *Motion to Impose the Automatic Stay (Real Property Located at 1901 Otis St., NE, Washington, DC 20018)* (Dkt. No. 58) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

4

R:\Common\TeelSM\MDM\Orders\Automatic Stay\Motions to Impose the Automatic Stay\Order Denying Motion to Impose Automatic Stay_Cheryl Denise Wilkins-v2.wpd